MATTHEW D. FRANCIS
Nevada Bar No. 6978
ARTHUR A. ZORIO
Nevada Bar No. 6547
BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Telephone: (775) 324-4100
Facsimile: (775) 333-8171
Email:  mfrancis@bhfs.com
        azorio@bhfs.com

LARISSA BIFANO (*pro hac vice forthcoming*)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110
Telephone: (617) 406-6000
Facsimile: (617) 406-6100
Email: larissa.bifano@us.dlapiper.com

CLAYTON THOMPSON (*pro hac vice forthcoming*)
DLA PIPER LLP (US)
1201 West Peachtree Street, Suite 2900
Atlanta, GA 30309-3449
Telephone: (404) 736-7800
Facsimile: (404) 682-7800
Email: clayton.thompson@us.dlapiper.com

*Attorneys for Plaintiff Brooks Automation US, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BROOKS AUTOMATION US, LLC, a limited liability company, | Case No.: |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | **JURY DEMAND** |
| PLANAR MOTOR, INC., a Canadian corporation, | |
| Defendant. | |

Plaintiff Brooks Automation US, LLC ("Brooks"), for its Complaint against Defendant

Planar Motor, Inc. ("Planar"), alleges as follows:

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

**THE PARTIES**

1.      Brooks Automation US, LLC ("Brooks") is a Delaware limited liability company headquartered at 15 Elizabeth Drive, Chelmsford, MA 01824.

2.      Planar Motor, Inc. ("Planar") is a Vancouver, British Columbia corporation headquartered at 250-6651 Fraserwood Place, Richmond, BC V6W 1J3, Canada.

**NATURE AND BASIS OF ACTION**

3.      This is an action by Brooks against Planar for infringement of United States Patent No. 8,129,984 ("the '984 Patent") and United States Patent No. 8,803,513 (the '513 Patent") (collectively, the "Asserted Patents").

4.      This action arises out of Planar's acts of direct and indirect infringement of the Asserted Patents by making, using, offering to sell, and/or selling within the United States and/or importing into the United States certain magnetic levitation motor systems that infringe the Asserted Patents, and/or Planar's acts of actively inducing infringement or contributing to infringement of the Asserted Patents.

**JURISDICTION AND VENUE**

5.      This Action arises under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. §§ 271, 281, 283, 284 and 285.  This Court has jurisdiction over the subject matter of this Action under 28 U.S.C. §§ 1331, 1332 and 1338(a).

6.      This Court has personal jurisdiction over Planar under the United States Constitution, and applicable state and federal law, because Planar has committed, and continues to commit, acts of infringement of the Asserted Patents within the United States, including in Nevada, causing injury to Brooks throughout the United States, including in Nevada.  Planar is subject to this Court's specific and general personal jurisdiction and has sufficient minimum contacts with Nevada.  The acts of infringement, some of which occur or have occurred in Nevada, are set forth more fully below.

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Planar is a Canadian corporation that has committed acts of infringement of the Asserted Patents in Nevada.  Planar regularly solicits and transacts substantial business throughout the

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

United States and within Nevada, and derives substantial revenue from the marketing, using, offering for sale and selling of products that infringe the Asserted Patents.

## **BACKGROUND**

8.      Brooks was founded in 1978 and specializes in the design and manufacture of robotic manufacturing systems for use in diverse industries.  For example, Brooks has spent over 40 years investing in and developing robotic manufacturing systems for use in semiconductor manufacturing and is a recognized leader in semiconductor manufacturing automatization. Brooks now has five offices throughout the United States dedicated to producing automated solutions for the world's leading semiconductor chip makers and equipment manufacturers. Additionally, Brooks maintains an intellectual property portfolio to protect its substantial investment, and has acquired over 650 US patents as well as almost 1,000 patents worldwide.

9.      Planar only recently entered the robotic manufacturing systems space.  On information and belief, Planar was founded in 2016, and currently manufactures, uses, offers to sell, and sells robotic manufacturing systems, including with knowledge that those products are imported into, offered for sale, sold, and used throughout the United States, including specifically in Nevada.

10.      Brooks provided written notice to Planar regarding Planar's infringement of the Asserted Patents through correspondence dated April 14, 2025, which is attached hereto as Exhibit A.  This notice both identified the Asserted Patents to Planar and included claim charts establishing, in detail and on an element-by-element basis, how the Accused Products infringe the Asserted Patents.

11.      After such notice, Brooks has repeatedly communicated with Planar to discuss Defendant's infringement of Brooks' patents and Planar's need for a license, but Planar has so far refused to agree to any reasonable license terms.  Meanwhile, Planar continues to use Brooks' patented technology to offer infringing products in the United States.

12.      For at least these reasons, Planar has actual or constructive knowledge of the Asserted Patents and Planar's infringement thereof.

///

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

**ASSERTED PATENTS**

13.     Brooks owns the entire right, title, and interest, including the right to seek damages for past and ongoing infringement, in and to, the '984 Patent and the '513 Patent.

14.     The '984 Patent is entitled "Multiple Dimension Position Sensor."  The '984 Patent was duly and legally issued by the United States Patent Office on March 6, 2012.  A true and correct copy of the '984 Patent is attached hereto as Exhibit B.

15.     The '513 Patent is entitled "Multiple Dimension Position Sensor."  The '513 Patent was duly and legally issued by the United States Patent Office on August 12, 2014.  A true and correct copy of the '513 Patent is attached hereto as Exhibit D.

16.     The '984 Patent and '513 Patent name distinguished engineers and employees from Brooks as inventors including Martin Hosek, Christopher Hofmeister, John F. Zettler, Alexander Krupyshev, Sergei Syssoev, and Krzystof Majczak.  The '513 Patent is a continuation of the '984 Patent.

17.     The apparatuses taught and claimed the Asserted Patents solve technological problems and improve technology implementing positional measurement sensors, including but not limited to, within steppers, suspension and/or scanning stages within semiconductor fabrication and manufacture.  See, e.g., '984 Patent, column 1, lines 37-44; column 4, lines 3-9.

18.     The Asserted Patents disclose a "sensor system **100**, such as may be used in a closed loop control system, configured to provide, for example, unlimited length positional measurement at least along a first axis (such as disposed in a horizontal plane), and measurement along at least another axis, for example an axis substantially orthogonal or angled relative to the first axis such as a gap width …."  '984 Patent, column 3, lines 36-42; '513 Patent, column 3, lines 36-42.  The Asserted Patents further disclose that the positional measurement includes "[t]he output of each of the single axis sensors [that] corresponds to a sensed variance of, for example, a magnetic field (or any other field or phenomenon capable of being sensed by the sensors) along but one axis.  These sensors that provide a single output from a single axis measurement are referred to herein for exemplary purposes as linear or single axis sensors.  The sensor system **100** may include one or more single axis sensor units arranged along a path of travel of an object

Brownstein Hyatt Farber Schreck, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

where each of the sensor units outputs a single signal in response to the movement of the object as will be described in greater detail below.  The but one output of each single axis sensor unit is processed in such [a] way (as will be described in greater detail below) to produce, for example, a position measurement along one or more axes (from a measurement along but one axis) for the object adjacent to or in the vicinity of a respective sensor unit." '984 Patent, column 3, lines 46-61; '513 Patent, column 3, lines 46-61.

19.    The Asserted Patents further disclose "a controller **190** which may be configured to receive at least the sensor output and calculate, for example, a two dimensional position of the object **120** along the direction of travel based on the single axis outputs and the predetermined location of the sensors **130**a-**130**n. In alternate embodiments the controller may calculate the position of the object in more or less than two dimensions. The controller may also calculate the gap width G based on, for example, the strength of the magnetic field (e.g. flux density) produced by, for example, the magnetic platen **170** and/or amplitude of the signals output by the sensors. '984 Patent, column 5, lines 21-31; '513 Patent, column 5, lines 21-31.  The controller is further described wherein "sensor output signals can be used, for example, by programming in controller **190**, to interpolate the position of the object **120** with respect to the sensors **200**A-**200**n. For example, when an angle determined by the arctangent of the ratio of the two signals (e.g. one output signal from each sensor in the doublet) of, for example, sensors **200**A, **200**B is taken, an interpolated position of the object **120** can be determined which is proportional to a fraction of the distance 4P between the sensor pairs." '984 Patent, column 6, lines 33-42; '513 Patent, column 6, lines 33-42.

20.    The claimed inventions of the '984 Patent and '513 Patent are directed to patent-eligible subject matter and satisfy the requirements of 35 U.S.C. § 101.

## PLANAR'S ACTS OF INFRINGEMENT

21.    Planar designs and manufactures robotic transport systems that infringe one or more claims of the Asserted Patents.

22.    Planar manufactures its Planar Motor System (the "Accused Products"), a system composed of movable and independently controllable robotic XBots magnetically levitated over a

- 5 -

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

stationary surface of modular Flyways under control of a Planar Motor Controller.  Planar manufactures its XBots and Flyways each in multiple different sizes, each operating in the same manner.  The Accused Products include XBots and Flyways of every size.

23.    Planar has used, offers for sale and sells, and continues to use, offer for sale, and sell, the Accused Products within the United States.  These uses and offers for sale include regular demonstrations of the Accused Products at trade shows and conferences throughout the United States, including at Pack EXPO held in Nevada.  Upon information and belief, Planar also makes the Accused Products within the United States and/or imports the Accused Products into the United States, and Planar has knowledge that such acts constitute infringement of one or more claims of the Asserted Patents.

24.    For example, Planar used and offered to sell one or more of the Accused Products by exhibiting and demonstrating one or more of the Accused Products at PACK EXPO in Nevada:[1]



**Planar Motors in Pack Expo 2023**

 Planar Motor
931 subscribers  Subscribe



---

[1] YouTube video entitled "Planar Motors in Pack Expo 2023," https://youtu.be/k8-AzCHUai8?si=qDlkCImjLlDMq9Su.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

2024 SEMICON West in California:[2]







**[2024 SEMICON] iTRAK5730 & Planar Motor DEMO**

KCINDUSTRIAL
37 subscribers

Subscribe

///
///
///
///
///
///
///
///
///
///
///
///
///

---

[2] YouTube video entitled "[2024 SEMICON] iTRAK5730 & Planar Motor DEMO, https://youtu.be/eAKCUhiE408?si=dVKPIIUsKqbYhl6U.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

the Automate 2024 Exhibition in Illinois:[3]



///

///

---

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

[3] LinkedIn post on page of Xiaodong Lu, Planar President, entitled "A most excellent demo of Planar Motors" and linking to post on page of Samuel Automation, https://www.linkedin.com/posts/xiaodong-lu-29174431_a-most-excellent-demo-of-planar-motors-activity-7194545398533828609-v5Zr/

the Automate 2025 Exhibition in Illinois:[4]



BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

///
///
///
///
///
///

---

[4] LinkedIn post on page of Planar Motor, referencing Automate 2025,
https://www.linkedin.com/posts/planar-motor_planarmotor-automate2025-activity-7328075501443436545-z3we?utm_source=social_share_send&utm_medium=member_desktop_web&rcm=ACoAACWh0CABkPDnC_pgE19Itdt8v_4SSpeBV7E.

the 2025 Medical Design & Manufacturing (MD&M) trade show in California:[5]



[5] LinkedIn post on page of Aaron Moncur, referencing 2025 MD&M and linked by page of Marian Schneider, Applications Engineer at Planar Motor,
https://www.linkedin.com/feed/update/urn:li:activity:7300314472064172033/

- 10 -

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

INTERPHEX 2024 in New York:[6]



**S05E069 #LiveWIthCHaudhrey w Steriline #2537James Rorke at INTERPHEX Global, New York April 16 Day 1**



241 views  Apr 18, 2024
It was great to catch up with James yesterday at #Interphex2024, and learn about their  new #Robotic #VialFilling Machine utilizing Planar Motor technology, a magnetically levitated transport system providing 6 degrees of precise motion and zero friction.

/// 

///

///

///

///

///

///

[6] YouTube video entitled "S05E069 #LiveWIthCHaudhrey w Steriline #2537James Rorke at INTERPHEX Global, New York April 16 Day 1," https://youtu.be/OAJ54bxyoGo?si=vp3Vkf28RVeSHf7L.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

and the ATX West trade show in California:[7]



*Mecademic's Meca500 robot at Planar Motor's booth at ATX West 2025*

Beyond our own booth, Mecademic's impact at ATX West extended to our trusted partners who integrated our robots into their exhibits. These collaborations demonstrated the versatility of our robots across different industries and applications. Those partners were:

- HAHN Automation Group (Booth 4901)
- Planar Motor (Booth 4933)

Planar also offered to sell and sold one or more of the Accused Products as evidenced by demonstrations of one or more of the Accused Products in the United States by customers including Biosera[8] and IMG Group.[9]

25.    Planar's infringing acts continue despite its knowledge of the Asserted Patents. Since being put on notice of the Asserted Patents, Planar has explicitly stated to Brooks its intention to continue making, using, offering to sell, and selling the Accused Products in the United States, and continues to do so. As one example, beginning on the 29th of September and

---

[7] Mecademic at ATX West 2025: showcasing the potential of microautomation | Mecademic Industrial Robotics

[8] https://www.linkedin.com/posts/biosero_slas2025-acopos-labautomation-activity-7282794830290677760-myIV?utm_source=social_share_send&utm_medium=member_desktop_web&rcm=ACoAACWh0CABkPDnC_pgE19Itdt8v_4SSpeBV7E.

[9] https://www.linkedin.com/posts/ima-pharma_ima-tilex-imapharma-activity-7310234318549794816-JIJ_?utm_source=share&utm_medium=member_desktop&rcm=ACoAACWh0CABkPDnC_pgE19Itdt8v_4SSpeBV7E.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

continuing each day until October 1, 2025, Planar is using the Accused Products in demonstrations at Pack EXPO 2025 in Las Vegas, Nevada.[10]

26. Planar actively induces others to directly infringe one or more claims of the Asserted Patents by manufacturing and selling the infringing Accused Products for uses that Planar knows or should know (i) infringe the Asserted Patents and (ii) will be imported into the United States, and used, offered for sale, and/or sold within the United States, including within Nevada. At minimum, Planar instructs customers how to setup and use the Accused Products in an infringing manner,[11] offering training on the Accused Products,[12] and encouraging their use in various applications.[13]

27. Planar has knowledge that its offers to sell or sales of the Accused Products within the United States, or importation into the United States, constitutes contributory infringement of the Asserted Patents. At minimum, Planar's Accused Products are a material component of a patented machine, are especially made for use in an infringement of one or more claims of the Asserted Patents, and are not staple articles or commodities of commerce suitable for substantial non-infringing use, as use of the Accused Products amounts simply to placing additional components on top of the already-infringing Accused Products.[14]

## COUNT ONE

## PLANAR'S INFRINGEMENT OF UNITED STATES PATENT NO. 8,129,984

28. Brooks repeats and realleges the allegations of Paragraphs 1-27 above as if fully set forth herein.

29. The '984 Patent is valid and enforceable. As an example, claims 1, 2 and 3 of the '984 Patent recite:

---

[10] https://packexpo25.mapyourshow.com/8_0/exhibitor/exhibitor-details.cfm?exhid=12380449.
[11] https://docs.planarmotor.com/tech-portal/getting-started.
[12] https://docs.planarmotor.com/tech-portal/training.
[13] https://www.planarmotor.com/en/overview (Stating the Accused Products are "ideal for applications requiring high cleanliness such as food, cosmetics, and pharmaceutical manufacturing as well as industries with harsh environments such as those that require water and dust proofing."); *See also* https://www.planarmotor.com/downloads/Planar_Motor_Solution.pdf ("Planar Motor Systems are well suited for most industrial environments").
[14] *E.g.*, https://www.planarmotor.com/en/applications.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"1.  An apparatus comprising:
    a controller;
    a workpiece transport in communication with the controller having a movable portion and a transport path; and
    a multi-dimensional position measurement device including at least one field generating platen attached to the movable portion and at least one sensor group positioned along the transport path and in communication with the controller, where the field generating platen is configured for both position measurement and propelling the movable portion;
    wherein each sensor in the at least one sensor group is configured to provide but one output signal corresponding to variances along a single axis in a sensed field generated by the at least one field generating platen and the controller is configured to calculate a multi-dimensional position of the movable portion adjacent a respective one of the at least one sensor group based on the but one output signal of at least one of the sensors in the at least one sensor group, where the multi-dimensional position includes at least a planar position and a gap between the workpiece transport and the at least one sensor group.
2.  The apparatus of claim 1, wherein the at least one field generating platen comprises shaped magnets configured to provide a substantially undistorted sinusoidal magnetic field.
3.  The apparatus of claim 1, wherein at least one of the at least one sensor group is configured to sense a normal component of a field generated by the field generating platen, where the normal component is normal to a surface of the field generating platen."

30.    Planar's Accused Products literally contain each element of the apparatus covered by at least claims 1, 2 and 3 of the '984 Patent, or contain the equivalent of each element.  A chart comparing the Accused Products to claims 1, 2, and 3 of the '984 Patent is attached hereto as Exhibit C.

31.    At a minimum, as described herein, Planar uses, offers to sell or sells its Accused Products in the United States and/or imports Accused Products into the United States.  Upon information and belief, Planar also makes, including through assembly, Accused Products within the United States.  These acts constitute direct infringement of at least claims 1, 2 and 3 of the '984 Patent under 35 U.S.C. § 271(a).

32.    As described above, Planar was aware of the '984 Patent prior to the filing of this lawsuit.  Planar makes available through the Internet, product manuals, or other technical information instructions for its customers, and other third parties, to use and operate the Accused Products for their ordinary and customary use, such that Planar's customers and third parties directly infringe the '984 Patent, through normal and customary use of the Accused Products.  By

providing its Accused Products and related technical information, Planar actively induces others to directly infringe one or more claims of the '984 Patent under 35 U.S.C. § 271(a), and thus Planar is liable for infringement under 35 U.S.C. § 271(b).

33.     Planar is liable as a contributory infringer for infringement of one or more claims of the '984 Patent under 35 U.S.C. § 271(c) because Planar offers to sell or sells within the United States or imports into the United States its Accused Products, which constitute a component of a patented machine, constituting a material part of the invention, and Planar knows the same to be especially made or especially adapted for use in an infringement of one or more claims of the '984 Patent, and the Accused Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.

34.     Brooks has complied with the marking requirements of 35 U.S.C. § 287(a) including because Brooks does not make, offer for sale, or sell articles practicing the '984 Patent, and Brooks does not currently have any licensees to the '984 Patent.

35.     Planar has had knowledge of the '984 Patent since at least Brooks' letter dated April 14, 2025, yet both continues and intends to continue its infringing acts to this day. Accordingly, Planar's acts of infringement have been, and continue to be, willful and deliberate, and have caused substantial damage to Brooks.

36.     Planar will continue its infringement of one or more claims of the '984 Patent unless enjoined by the Court.  Planar's infringing conduct thus causes Brooks irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT TWO

## PLANAR'S INFRINGEMENT OF UNITED STATES PATENT NO. 8,803,513

37.     Brooks repeats and realleges the allegations of Paragraphs 1-36 above as if fully set forth herein.

38.     The '513 Patent is valid and enforceable.  As an example, claims 1, 2 and 3 of the '513 Patent recite:

"1.  An apparatus comprising:
        a controller;

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

a robotic actuator in communication with the controller having a movable portion and a path of actuator motion; and

a multi-dimensional position measurement device including at least one field generating platen attached to the movable portion and at least one sensor group positioned along the path of actuator motion and in communication with the controller, where the field generating platen is configured for both position measurement and propelling the movable portion;

wherein each sensor in the at least one sensor group is configured to provide but one output signal corresponding to variances along a single axis in a sensed field generated by the at least one field generating platen and the controller is configured to calculate a multi-dimensional position of the movable portion adjacent a respective one of the at least one sensor group based on the but one output signal of at least one of the sensors in the at least one sensor group, where the multi-dimensional position includes at least a planar position and a gap between the robotic actuator and the at least one sensor group.

2. The apparatus of claim 1, wherein the at least one field generating platen comprises shaped magnets configured to provide a substantially undistorted sinusoidal magnetic field.

3. The apparatus of claim 1, wherein at least one of the at least one sensor group is configured to sense a normal component of a field generated by the field generating platen, where the normal component is normal to a surface of the field generating platen."

39.     Planar's Accused Products literally contain each element of the apparatus covered by at least claims 1, 2 and 3 of the '513 Patent, or contain the equivalent of each element. A chart comparing the Accused Products to claims 1, 2 and 3 of the '513 Patent is attached hereto as Exhibit E.

40.     At a minimum, as described herein, Planar uses, offers to sell, or sells Accused Products within the United States and/or imports Accused Products into the United States. Upon information and belief, Planar makes, including through assembly, Accused Products within the United States. These acts constitute direct infringement of at least claims 1, 2 and 3 of the '513 Patent under 35 U.S.C. § 271(a).

41.     As described above, Planar was aware of the '513 Patent prior to the filing of this lawsuit. Planar makes available through the Internet, product manuals, or other technical information instructions for its customers, and other third parties, to use and operate the Accused Products for their ordinary and customary use, such that Planar's customers and third parties directly infringe the '513 Patent, through normal and customary use of the Accused Products. By providing its Accused Products and related technical information, Planar actively induces others

Brownstein Hyatt Farber Schreck, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

1    to directly infringe one or more claims of the '513 Patent under 35 U.S.C. § 271(a), and thus

2    Planar is liable for infringement under 35 U.S.C. § 271(b).

3          42.    Planar is liable as a contributory infringer for infringement of one or more claims

4    of the '513 Patent under 35 U.S.C. § 271(c) because Planar offers to sell or sells within the United

5    States or imports into the United States its Accused Products, which constitute a component of a

6    patented machine, constituting a material part of the invention, and Planar knows the same to be

7    especially made or especially adapted for use in an infringement of one or more claims of the

8    '513 Patent, and the Accused Products are not a staple article or commodity of commerce suitable

9    for substantial non-infringing use.

10         43.    Brooks has complied with the marking requirements of 35 U.S.C. § 287(a)

11   including because Brooks does not make, offer for sale, or sell articles practicing the '513 Patent,

12   and Brooks does not currently have any licensees to the '513 Patent.

13         44.    Planar has had knowledge of the '513 Patent since at least Brooks' letter dated

14   April 14, 2025, yet continues and intends to continue its infringing acts to this day.  Accordingly,

15   Planar's acts of infringement have been, and continue to be, willful and deliberate, and have

16   caused substantial damage to Brooks.

17         45.    Planar will continue its infringement of one or more claims of the '513 Patent

18   unless enjoined by the Court.  Planar's infringing conduct thus causes Brooks irreparable harm

19   and will continue to cause such harm without the issuance of an injunction.

20                                   **PRAYER FOR RELIEF**

21         WHEREFORE, Brooks prays that this Court enter judgment as follows:

22         A.     A judgment in favor of Brooks that Planar has infringed the Asserted Patents in

23    violation of 35 U.S.C. § 271;

24         B.     A judgment in favor of Brooks that the Asserted Patents are valid and enforceable;

25         C.     A judgment in favor of Brooks that Planar's infringement is or has been willful;

26         D.     A permanent injunction enjoining Planar, its officers, agents, servants,

27   representatives, and employees, and all persons acting in concert with them from directly

28   infringing, inducing the infringement of, and/or contributing to the infringement of the Asserted

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

Patents;

E.       An award of damages to Brooks adequate to compensate it for Planar's infringement of the Asserted Patents;

F.       An award of enhanced damages pursuant to 35 U.S.C. § 284;

G.       An award of pre-judgment and post-judgment interest to the full extent allowed under the law, as well as its costs and disbursements;

H.       An order finding that this is an exceptional case and awarding Brooks its reasonable attorney fees pursuant to 35 U.S.C. § 285;

I.       An award to Brooks, in the absence of an injunction, of an ongoing royalty; and

J.       An award to Brooks of such other and further relief as this Court deems just and proper.

Dated:  September 30, 2025

By: */s/ Matthew D. Francis*
_____
MATTHEW D. FRANCIS (SBN 6978)
ARTHUR A. ZORIO (SBN 6547)
BROWNSTEIN HYATT FARBER
 SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, Nevada 89511
Telephone: (775) 324-4100
Email: mfrancis@bhfs.com
             azorio@bhfs.com

LARISSA BIFANO
(*pro hac vice forthcoming*)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110
Telephone: (617) 406-6000
Facsimile: (617) 406-6100
Email: larissa.bifano@us.dlapiper.com

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

CLAYTON THOMPSON
(*pro hac vice forthcoming*)
DLA PIPER LLP (US)
1201 West Peachtree Street, Suite 2900
Atlanta, GA 30309-3449
Telephone: (404) 736-7800
Facsimile: (404) 682-7800
Email: clayton.thompson@us.dlapiper.com

*Attorneys for Plaintiff*
*BROOKS AUTOMATION US, LLC*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Brooks Automation US, LLC hereby demands a jury trial on all issues triable by jury.

Dated:  September 30, 2025

By: */s/ Matthew D. Francis*
MATTHEW D. FRANCIS (SBN 6978)
ARTHUR A. ZORIO (SBN 6547)
BROWNSTEIN HYATT FARBER
 SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Telephone: (775) 324-4100
Email: mfrancis@bhfs.com
          azorio@bhfs.com

LARISSA BIFANO
(*pro hac vice forthcoming*)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110
Telephone: (617) 406-6000
Facsimile: (617) 406-6100
Email: larissa.bifano@us.dlapiper.com

CLAYTON THOMPSON
(*pro hac vice forthcoming*)
DLA PIPER LLP (US)
1201 West Peachtree Street, Suite 2900
Atlanta, GA 30309-3449
Telephone: (404) 736-7800
Facsimile: (404) 682-7800
Email: clayton.thompson@us.dlapiper.com

*Attorneys for Plaintiff*
*BROOKS AUTOMATION US, LLC*

1

## INDEX OF EXHIBITS

2

A.  Correspondence dated April 14, 2025                                                    1 Page

3

B.  United States Patent No. 8,129,984                                                  79 Pages

4

C.  Chart comparing the Accused Products to claims 1, 2, and 3 of the '984 Patent    16 Pages

5

D.  United States Patent No. 8,803,513                                                  83 Pages

6

E.  Chart comparing the Accused Products to claims 1, 2 and 3 of the '513 Patent     16 Pages

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100