MATTHEW D. FRANCIS (SBN 6978)
ARTHUR A. ZORIO (SBN 6547)
BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV  89511
Telephone: (775) 324-4100
Facsimile: (775) 333-8171
Email: mfrancis@bhfs.com
        azorio@bhfs.com

LARISSA BIFANO
(admitted *pro hac vice*)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110
Telephone: (617) 406-6000
Facsimile: (617) 406-6100
Email: Larissa.bifano@us.dlapiper.com

CLAYTON THOMPSON
(admitted *pro hac vice*)
DLA PIPER LLP (US)
1201 West Peachtree Street, Suite 2900
Atlanta, GA 30309-3449
Telephone: (404) 736-7800
Facsimile: (404) 682-7800
Email: clayton.thompson@us.dlapiper.com

CATHERINE HUANG
(admitted *pro hac vice*)
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Telephone: (619) 699-2744
Facsimile: (619) 764-6659
Email: catherine.huang@us.dlapiper.com

JON Y. IKEGAMI
(admitted *pro hac vice*)
DLA PIPER LLP (US)
3203 Hanover Street, Suite 100
Palo Alto, CA 94304-1123
Telephone: (650) 833-2169
Email: jon.ikegami@us.dlapiper.com

*Attorneys for Plaintiff Brooks Automation US, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BROOKS AUTOMATION US, LLC, a limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>PLANAR MOTOR, INC., a Canadian corporation,<br><br>        Defendant. | Case No.: 3:25-cv-00532-ART-CSD<br><br>**STIPULATED PROTECTIVE ORDER** |

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; LR IA 10-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.    DEFINITIONS

The following Definitions apply for this Order.

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other

things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code that defines or otherwise describes in detail the algorithms or structure of software designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Company Representative: a senior company employee directly involved in and responsible for overseeing, supporting, and/or managing this action;

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

STIPULATED PROTECTIVE ORDER

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party other than through a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; and (c) any information independently developed by or for the Party without use of, or reference to, the Designating

4

STIPULATED PROTECTIVE ORDER

Party's Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims, counterclaims, and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

STIPULATED PROTECTIVE ORDER

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to the first page of a document containing Protected Material and each page that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.

(b)     for testimony given in deposition, that the Designating Party shall identify portions of the deposition testimony that shall be deemed Confidential within fourteen (14) calendar days after receipt of the transcript. Alternatively, if appropriate under this Stipulated Protective Order, a Designating Party may specify, within fourteen (14) calendar days after receipt of the transcript, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Deposition testimony shall

be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY for fourteen (14) calendar days after receipt of the transcript pending any such designations.

(c)     for testimony given in pretrial or trial proceedings, that the Designating Party shall identify on the record, before the close of the hearing or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before hearing or other proceeding is concluded) an opportunity to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection shall be covered by the provisions of this Stipulated Protective Order.

If asked by a Party, the other Party shall give the Party notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material

(d)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

STIPULATED PROTECTIVE ORDER

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3      Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to challenge confidentiality under LR 7-2 (and in compliance with LR IA 10-5, if applicable) within 21 days of the initial notice of challenge. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Challenging Party to make such a motion including the required declaration within 21 days shall automatically result in waiver of the confidentiality challenge. In addition, and notwithstanding any

8

STIPULATED PROTECTIVE ORDER

contrary provision, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Until the Court has issued a ruling on the Challenging Party's motion, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's original designation.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced in connection with this case by another Party or by a Non-Party only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. At the final disposition of the litigation, a Receiving Party must comply with the provisions of section 15 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as support personnel for the Outside Counsel of Record (*e.g.*, associates, law clerks, analysts, litigation assistants, secretaries, and support staff);

(b)      a maximum of two (2) House Counsel or Company Representative(s) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) provided that the House Counsel or Company Representative(s) (i) have no current involvement and will not have involvement for the duration of this action in any marketing, financial, pricing, or other business competitive decision-making and (ii) are identified in writing to the Producing Party at least seven (7) business days prior to the disclosure of any Protected Material to such individuals.  This provision does not include any other employee of the Receiving Party;

(c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      the Court and its personnel;

(e)      court reporters and their staff;

(f)      professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

STIPULATED PROTECTIVE ORDER

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as support personnel for the Outside Counsel of Record (*e.g.*, associates, law clerks, analysts, litigation assistants, secretaries, and support staff);

(b)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(c)    the Court and its personnel;

(d)    court reporters and their staff;

(e)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a)    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert

11

STIPULATED PROTECTIVE ORDER

has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the Expert unless, within seven (7) business days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven calendar days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in LR 7-2 (and in compliance with LR IA 10-5, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

STIPULATED PROTECTIVE ORDER

safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to and actually reviews information after it is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not be involved in the prosecution of patents or patent applications relating to magnetic levitation systems for product transport in a manufacturing or industrial setting, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, or otherwise affecting the scope of patent claims or advising about any of the foregoing, but does not include (a) representing a Party before a domestic or foreign agency in any proceeding challenging an issued patent (including, but not limited to, reissue, *ex parte* reexamination, post grant review (PGR) proceedings, or *inter partes* review proceedings that potentially involve claim drafting or amendments, so long as the individual at issue does not directly or indirectly participate in or advise about any such drafting, amending, or otherwise affecting the scope of claims), (b) providing information that may qualify as prior art for possible submission/disclosure during prosecution, or (c) performing a supervisory or administrative role that does not meet the above defined criteria. This Prosecution Bar shall begin when the affected individual first reviews "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information and shall end (i) two (2) years after final termination of this action or (ii) in the case of Counsel representing a Receiving Party who has reviewed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information and withdraws from this action before its final termination, two (2) years after such Counsel's withdrawal from representation of the Receiving Party in this action.  The parties expressly agree that

STIPULATED PROTECTIVE ORDER

the Prosecution Bar is personal to the affected individual and should not be imputed to any attorneys or other persons at the affected individual's firm or company.

9.        SOURCE CODE

(a)        To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)        Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c)        Any source code produced in Disclosure or Discovery Material shall be made available for inspection in Las Vegas, Nevada, in Washington D.C., Vancouver, Canada, or in any other location that the Parties agree to, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at a location determined by the Producing Party. The Receiving Party's counsel and/or experts or consultants, designated in accordance with Paragraph 7.3, may request that commercially available software tools for viewing and searching source code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; and (b) the Producing Party approves such software tools, which approval shall not be unreasonably withheld.  The Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Receiving Party shall maintain a paper log indicating the names of any individuals inspecting the source code including the dates and times of inspection. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. The

STIPULATED PROTECTIVE ORDER

parties may also jointly agree to alternative means for making source code available for inspection.

        (d)    The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Receiving Party may not request printouts exceeding 1500 pages, and may not request printouts of more than 30 consecutive pages. The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

        (e)    The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies of source code if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. The Receiving Party is obligated to log all such paper copies of source code and maintain such log until final termination or an earlier date agreed to between the parties. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual. The parties may also jointly agree to alternative means for maintaining materials that contain source code.

STIPULATED PROTECTIVE ORDER

10. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

11. <u>A NON-PARTY'S CONFIDENTIAL MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) to the extent required above, request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    INADVERTENT OR UNINTENTIONAL PRODUCTION OF CONFIDENTIAL, PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

(a)    This Order shall be interpreted to provide the maximum protections allowed by Federal Rule of Evidence 502(d). Inadvertent or unintentional disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information during the course of this action, without designating it as such at the time of disclosure, shall not be deemed a waiver by the Producing Party in whole or in part of a claim that disclosed information is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information, provided that such item is so designated within five (5) business days after the Producing Party learned of the inadvertent or unintentional disclosure.

(b)    In addition, the production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege by the Producing Party, either as to the specific information disclosed or as to any other related information. If a Producing Party produces or otherwise discloses to a Receiving Party information that the Producing Party later deems is subject to such privilege or immunity, the Producing Party shall promptly upon discovery of such disclosure so advise the Receiving Party in writing and request that the disclosed information be returned. The Receiving Party shall return all copies of the produced material within five (5) business days of receipt of the request and may not sequester, use or disclose the information until the privilege claim is resolved. This includes a restriction against the Receiving Party presenting the information to the Court for a determination of the claim. Any notes or summaries referring or relating to the produced

privileged material shall also be destroyed. Nothing in this Order shall preclude the Receiving Party from moving the Court for a ruling that the produced material was never privileged or that the privilege was otherwise waived on some other basis.

(c) Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced. If any Receiving Party has reason to believe that it is in receipt of Protected Material from a Producing Party, the Receiving Party shall not copy, distribute, or otherwise use such Protected Material in any manner and shall provide prompt notice to the Producing Party to afford an opportunity to request return of the materials in the manner set forth herein.

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any party or Non-Party from seeking additional relief from the Court not specified in this Order, or from otherwise seeking modification of this Order or applying to the Court for further or additional Orders.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

14.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may

19
STIPULATED PROTECTIVE ORDER

not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with LR IA 10-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to LR IA 10-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to LR IA 10-5 is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to LR IA 10-5 unless otherwise instructed by the Court.

14.5    No Use of Public AI Tools. A Receiving Party shall not upload or otherwise provide another Party's Protected Information to any public Artificial Intelligence ("AI") tools for any purpose, including, without limitation, using a public AI tool to perform analyses of documents or other materials in support of litigation.

15.    RETURN/DESTRUCTION OF MATERIALS UPON FINAL DISPOSITION

Not later than sixty (60) calendar days after the final disposition of this action, as defined in Section 4, all Protected Material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing the Protected Material thereof, shall be returned to the Producing Party or destroyed, such election to be made by the Receiving Party, except that each party's outside counsel may retain all papers filed with the Court, transcripts and videos of testimony and exhibits, expert reports, discovery requests and responses, correspondence and their own work product containing Protected Material for archival purposes, and provided that such counsel shall not disclose any party's Protected Material contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Order. Not later than seventy-five (75) calendar days after final disposition of this Action, the party receiving any Protected Material shall certify in writing that all such material has been returned or destroyed.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD this 2nd day of March, 2026.

By: */s/ Matthew D. Francis*
MATTHEW D. FRANCIS (SBN 6978)
ARTHUR A. ZORIO (SBN 6547)
BROWNSTEIN HYATT FARBER
 SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Telephone: (775) 324-4100
Email: mfrancis@bhfs.com
        azorio@bhfs.com

LARISSA BIFANO
(admitted *pro hac vice)*
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110
Telephone: (617) 406-6000
Email: larissa.bifano@us.dlapiper.com

CLAYTON THOMPSON
(admitted *pro hac vice*)
DLA PIPER LLP (US)
1201 West Peachtree Street, Suite 2900
Atlanta, GA 30309-3449
Telephone: (404) 736-7800
Email: clayton.thompson@us.dlapiper.com

CATHERINE HUANG
(admitted *pro hac vice*)
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Telephone: (619) 699-2744
Facsimile: (619) 764-6659
Email: catherine.huang@us.dlapiper.com

By: */s/ Thad Houston*
ADAM HOSMER-HENNER (SBN 12779)
THAD HOUSTON (SBN 17215)
McDONALD CARANO LLP
100 West Liberty Street, Tenth Floor
Reno, Nevada 89501
Telephone: (775) 788-2000
Email: ahosmerhenner@mcdonaldcarano.com
        thouston@mcdonaldcarano.com

NICHOLAS GROOMBRIDGE
(admitted *pro hac vice*)
JOSHUA REICH
(admitted *pro hac vice*)
GROOMBRIDGE, WU, BAUGHMAN &
STONE LLP
565 Fifth Avenue, Suite 2900
New York, NY 10017
Telephone: (332) 269-0031
nick.groombridge@groombridgewu.com
joshua.reich@groombridgewu.com

J. STEVEN BAUGHMAN
(admitted *pro hac vice*)
CHRIS KELLER
(admitted *pro hac vice*)
ALYSSA ERTEL
(admitted *pro hac vice*)
GROOMBRIDGE, WU, BAUGHMAN &
STONE LLP
801 17th Street, NW, Suite 1050
Washington, DC 20006
Telephone: (202) 505-5832
steve.baughman@groombridgewu.com
chris.keller@groombridgewu.com
alyssa.ertel@groombridgewu.com

STIPULATED PROTECTIVE ORDER

| | |
|---|---|
| JON Y. IKEGAMI<br>(admitted *pro hac vice*)<br>DLA PIPER LLP (US)<br>3203 Hanover Street, Suite 100<br>Palo Alto, CA 94304-1123<br>Telephone: (650) 833-2169<br>Email: jon.ikegami@us.dlapiper.com<br><br>*Attorneys for Plaintiff*<br>*BROOKS AUTOMATION US, LLC* | HAN XU<br>(admitted *pro hac vice*)<br>GROOMBRIDGE, WU, BAUGHMAN &<br>STONE LLP<br>2F Marunouchi Nijubashi Bldg,<br>3-2-2 Marunouchi<br>Chiyoda-ku, Tokyo, Japan 100-0005<br>han.xu@groombridgewu.com<br><br>*Attorneys for Defendant*<br>PLANAR MOTOR, INC. |

**IT IS SO ORDERED.**

_____

UNITED STATES MAGISTRATE JUDGE

DATED: March 2, 2026

---

22

STIPULATED PROTECTIVE ORDER

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada in the case of BROOKS AUTOMATION US, LLC v. PLANAR MOTOR, INC., Case No. 3:25-cv-00532-ART-CSD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State: _____

Printed name: _____

Signature: _____

23

STIPULATED PROTECTIVE ORDER